NOT RECOMMENDED FOR PUBLICATION

File Name: 13a0866n.06

No. 12-2405

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 04, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RANDALL SCOTT RITCHIE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:  MERRITT, GIBBONS and McKEAGUE, Circuit Judges.

**MERRITT, Circuit Judge.**  Randall Ritchie appeals a district court judgment affirming the Commissioner's denial of his application for social security disability benefits pursuant to 42 U.S.C. § 405(g).

Ritchie was born on June 11, 1966. Plaintiff suffers from paraplegia, spinal cord injury, post-traumatic stress disorder, anxiety disorder and paralysis of bowel and bladder stemming from the spinal cord injury.  Plaintiff broke two vertebrae and suffered lumbar spinal cord compression after falling approximately 25 feet in August of 1986 while serving in the army. The injury caused temporary paralysis in both legs and permanent bladder and bowel impairment.  He continues to have loss of sensation over the pelvic girdle and in portions of his lower extremities.  As a result of the bowel and bladder impairment, plaintiff must self-catheterize to urinate and use digital stimulation to move his bowels.

Plaintiff received a 100% total and permanent disability rating by the Department of Veterans Affairs (formerly the Veterans Administration) in 1987 and a medical discharge from the army after his accident. He continued rehabilitation after leaving the army, obtained his bachelor's degree, married and had two children. He worked as a teacher, corrections officer and consultant to an automobile supplier. He last worked as a corrections officer for the Michigan Department of Corrections but left in 2004 due to his mental and physical condition. He has not worked since that time.

Plaintiff filed for disability benefits in January 2008, citing an onset of disability date of January 31, 2004. On June 22, 2010, an administrative law judge denied benefits, finding that plaintiff could perform a substantial number of light or sedentary jobs in the economy. That decision became the final decision of the Commissioner after the Appeals Council approved the denial. Plaintiff then filed for review in the district court. The Opinion and Order of the district court dated August 27, 2012, adopted the Report and Recommendation of the magistrate judge to affirm the denial of benefits by the administrative law judge. This timely appeal followed.

Plaintiff's main argument on appeal is that the administrative law judge failed to give adequate weight to the 100% disability rating plaintiff received from the Veterans Administration in 1987 and, additionally, failed to explain the reason for not giving it more weight. The administrative law judge was not bound to accept the disability rating made by the Veterans Administration. The social security disability rules are clear:

> A decision by any . . . other governmental agency about whether you are disabled . . . is based upon its rules and is not our decision about whether you are disabled . . . . We must make a disability . . . determination based on social security

>    law.  Therefore, a determination made by another agency that you are disabled . . .
>    is not binding on us.

20 C.F.R. § 404.1504.  We have held that a disability rating from the Veterans Administration is entitled to consideration, but we have not specified the weight such a determination should carry when determining social security disability eligibility.  *Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984).  The record reflects that the administrative law judge gave consideration to the Veterans Administration disability determination:  "[T]he VA determined the claimant was medically unfit for active duty in 1988 and rated him 100% disabled from April 1987. . . .  I am not bound by their decision; but I did consider [it]."  ALJ Decision at 12.  Although not citing to the social security regulations, the administrative law judge clearly stated  a proper understanding of the law when she stated she was not bound by the Veterans Administration finding.

Plaintiff also claims that the administrative law judge did not adequately explain her reasons for not accepting the Veterans Administration's disability rating.  Plaintiff fails to look at the entire decision.  The administrative law judge described some of the medical findings made by the Veterans Administration in 1987 and 1988 to demonstrate that they are not compatible with a finding of disability under the social security regulations.  The decision analyzed in detail plaintiff's current medical and psychological condition, the opinions of plaintiff's current treating physicians, his work history and his daily living habits.  The 1987 disability rating by the Veterans Administration is only one factor to be considered in making a social security disability finding.  As such, and given the long time span since the rating was rendered, the administrative law judge was not required to go into detail about a medical finding from 1987 in her decision.

Plaintiff also argues that because he would have received social security disability benefits had he applied for them in 1987, but instead chose to work, he should be compensated now and not penalized for the years he worked after his injury. He contends that his 17 years of work after the 1987 total disability rating should not be considered in determining his eligibility for social security benefits now. However, social security disability benefits are premised on the claimant's physical and mental condition, age, education and work experience during the period of claimed disability, which in this case commences on January 31, 2004, and goes through December 31, 2009. Plaintiff's eligibility or ineligibility for social security benefits in 1987 is not determinative of his current eligibility. We are sympathetic to plaintiff's challenges, but the administrative law judge made detailed findings about his abilities during the 2004 to 2009 period at issue here. She relied on plaintiff's own assessment of his work and leisure activities in conjunction with medical records and opinion and we find that substantial evidence supports her findings.

Plaintiff also mentions in the argument section of his brief that the administrative law judge erred in failing to find that plaintiff's spinal disorder equals Listing 1.04B (spinal disorders) set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1, and benefits should be awarded. Pl. Br. at 24-25. Plaintiff also includes a brief paragraph in his Statement in Support of Oral Argument challenging the administrative law judge's finding that plaintiff's testimony as to pain and functional limitations was not credible because it was not supported by the medical evidence in the record. Pl. Br. at ix. The Commissioner contends that both these arguments are waived on appeal because plaintiff failed to present any analysis or point to evidence to support either issue. Although plaintiff failed to present either argument as a separate issue to be reviewed on appeal and failed to provide any

4

analysis in his brief, we have reviewed these issues and find them to be without merit. Briefly, Listing 1.04B requires medical evidence of compression of a nerve root or the spinal cord or the inability to ambulate effectively. The plaintiff has not demonstrated either requirement. To meet a listed impairment, a claimant must point to specific medical evidence that satisfies all the criteria in the listing. 20 C.F.R. § 404.1525(d). While plaintiff may have met the listing in 1986 immediately after his accident, we agree with the analysis in the magistrate judge's Report and Recommendation that he has not presented medical opinion to establish that his condition meets or is equivalent to Listing 1.04B during the relevant time frame of 2004 to 2009. Report and Recommendation at pp.5-8.

As to the credibility issue, plaintiff concedes that the administrative law judge's credibility findings may not be disturbed absent "compelling reason." We have held that an administrative law judge's credibility findings are virtually "unchallengeable." *Payne v. Comm'r of Soc. Sec.*, No.08-4706, 2010 WL 4810212, at *3 (6th Cir. Nov. 18, 2010). The Report and Recommendation thoroughly analyzes plaintiff's challenges to the administrative law judge's credibility determinations. It found that the administrative law judge articulated her reasons for finding plaintiff not credible, citing extensively to both the medical record and plaintiff's own assessment of his abilities and limitations. Report and Recommendation at pp. 11-16. We agree with the magistrate judge's determination that no "compelling" reason exists to disturb the credibility findings by the administrative law judge.

For the reasons stated above and the reasons given in the thorough report of the magistrate judge rendered on June 15, 2012, and adopted by the district court on Aug. 27, 2012, we affirm the judgment of the district court.